FILED-USDC-NDTX-DA
'25 DEC 17 PM2:07

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. |
| v. | 3-25CR-569-K |
| ATHUMAN FARID OMAR | |

# INDICTMENT

The Grand Jury charges:

At all times material to this indictment:

General Allegations

1. From in or around May 2022, through in or around December 2022, defendant **Athuman Farid Omar** was a customer of Bank 1 who had several business accounts with Bank 1, as well as a business account with Bank 2.

2. From in or around May 2022, through in or around December 2022, Coconspirator A was the Chief Executive Officer of Bank 1.

3. Bank 1 was a financial institution as defined in 18 U.S.C. § 20, whose accounts were insured by the National Credit Union Share Insurance Fund. Bank 1 was located in the Northern District of Texas.

4. Bank 2 was a financial institution as defined in 18 U.S.C. § 20, whose accounts were insured by the Federal Deposit Insurance Corporation.

Count One
Conspiracy to Commit Bank Fraud
[Violation of 18 U.S.C. § 1349 (18 U.S.C. § 1344(1))]

5. Paragraphs 1 through 4 of this indictment are realleged and incorporated by reference as though fully set forth herein.

6. From in or around June 2022, through in or around December 2022, in the Northern District of Texas and elsewhere, defendant **Athuman Farid Omar** and Coconspirator A, did knowingly and willfully conspire, combine, confederate, and agree together, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by the National Credit Union Share Insurance Fund, in violation of 18 U.S.C. § 1344(1).

Purpose of the Conspiracy

7. The purpose of the conspiracy was for defendant **Athuman Farid Omar** and Coconspirator A to attempt to unlawfully enrich **Omar** by (a) attempting to fraudulently obtain funds from Bank 1; and (b) concealing from Bank 1 the nature and existence of the conspiracy.

Manner and Means

8. The manners and means by which defendant **Athuman Farid Omar** and Coconspirator A sought to accomplish the purpose of the conspiracy included the following, among other things:

9. From in or around June 2022, through in or around December 2022, defendant **Athuman Farid Omar** deposited checks into his business accounts with Bank 1 that were issued from his business account with Bank 2. At the time that **Omar**

deposited these checks, his business account with Bank 2 did not have sufficient funds to cover the amount on the checks.

10. Coconspirator A transferred money from Bank 1's corporate account to **Omar's** business accounts to cover the amount of the insufficiently funded checks so that **Omar's** business accounts would not show a negative balance, which would have revealed the scheme to Bank 1.

11. Coconspirator A increased Bank 1's line of credit, which he used to fund **Omar**'s business accounts.

12. As part of the scheme, between in or around June 2022, through in or around December 2022, Coconspirator A and defendant **Athuman Farid Omar** caused Bank 1 to lose over $2 million.

All in violation of 18 U.S.C. § 1349 (18 U.S.C. § 1344(1)).

Count Two
Bank Fraud
[Violation of 18 U.S.C. § 1344(1)]

13. Paragraphs 1 through 4 of this indictment are realleged and incorporated by reference as though fully set forth herein.

14. From on or about December 5, 2022, through on or about December 6, 2022, in the Dallas Division of the Northern District of Texas and elsewhere, defendant **Athuman Farid Omar**, did knowingly devise and intend to devise a scheme and artifice to attempt to defraud a financial institution.

The Scheme to Defraud

15. From on or about November 12, 2022, through on or about November 28, 2022, defendant **Athuman Farid Omar** issued, and caused to be issued, four checks from his Bank 2 bank account ending in 7936 totaling approximately $1,130,000.

16. It was further part of the scheme that defendant **Athuman Farid Omar** presented these checks for deposit into his Bank 1 account ending in 4122 on or about December 5, 2022. However, **Omar's** Bank 2 bank account did not have sufficient funds to cover the amount of the checks.

17. Thereafter, on or about December 5, 2022, **Omar** transferred the approximately $1,130,000 from his Bank 1 account ending in 4122 to his Bank 1 account ending in 9735.

18. From on or about December 5, 2022, through on or about December 6, 2022, **Omar** attempted to deposit 56 checks from his Bank 1 account ending in 9735,

totaling $1,160,780 into his Bank 2 account ending in 7936. However, **Omar's** Bank 1 bank account did not have sufficient funds to cover the amount of the checks.

All in violation of 18 U.S.C. § 1344(1).

Forfeiture Notice
[18 U.S.C. § 982(a)(2)]

19. Upon conviction for any of the offenses alleged in Counts One through Two of this Indictment, and pursuant to 18 U.S.C. § 982(a)(2), the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s) of conviction.

20. The above-referenced property subject to forfeiture includes, but is not limited to, a "money judgement" constituting the gross proceeds traceable to the offense.

A TRUE BILL:

FOREPERSON

RYAN RAYBOULD
UNITED STATES ATTORNEY

RYAN P. NIEDERMAIR
Assistant United States Attorney
Texas Bar No. 24116828
1100 Commerce, Third Floor
Dallas, TX 75242
Telephone: 214-659-8600
Facsimile: 214-659-8805
E-mail: ryan.niedermair@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

THE UNITED STATES OF AMERICA

v.

ATHUMAN FARID OMAR

---

INDICTMENT

18 U.S.C. § 1349 (18 U.S.C. § 1344(1))
Conspiracy to Commit Bank Fraud
(Count 1)

18 U.S.C. § 1344(1)
Bank Fraud
(Count 2)

18 U.S.C. § 982(a)(2)
Forfeiture Notice

2 Counts

---

A true bill rendered

DALLAS FOREPERSON

Filed in open court this 17th day of December, 2025.

**Warrant to be Issued**

UNITED STATES MAGISTRATE JUDGE
No Criminal Matter Pending