ORIGINAL

FILED-USDC-NDTX-DA
'26 MAR 11 AM10:53

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v. No. 3:25-CR-569-K

ATHUMAN FARID OMAR

**FACTUAL RESUME**

In support of Athuman Farid Omar's plea of guilty to the offense in Count One of the Superseding Information, Omar, the defendant, Dimitri Dube, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

**ELEMENTS OF THE OFFENSE**

To prove the offense alleged in Count One of the Superseding Information, charging a violation of 18 U.S.C. § 371 (18 U.S.C. § 1344(1)), that is conspiracy to commit bank fraud, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That the defendant and at least one other person agreed to commit the crime of bank fraud as charged in the Superseding Information;

*Second.* That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third.* That at least one of the coconspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Superseding Information in order to accomplish

[1] *See* Fifth Circuit Pattern Jury Instruction 2.15A (2024).

some object or purpose of the conspiracy.

The elements of Bank Fraud, a violation of 18 U.S.C. § 1344(1) are as follows:[2]

*First.* That the defendant knowingly executed a scheme or artifice;

*Second.* That the scheme or artifice was to defraud a financial institution, as alleged in the Superseding Information;

*Third.* That the defendant had the intent to defraud the financial institution;

*Fourth.* That the scheme or artifice to defraud was material; and

*Fifth.* That the defendant placed the financial institution at risk of civil liability or financial loss.

**STIPULATED FACTS**

1. Athuman Farid Omar admits and agrees that, from in or around June 2022, through in or around December 2022, in the Northern District of Texas, and elsewhere, he and Jonathan Salcedo, did knowingly, intentionally, and willfully combine, conspire, confederate, and agree with each other to commit an offense against the United States, that is, a violation of Title 18, United States Code, Section 1344(1), by knowingly executing and attempting to execute a scheme and artifice to defraud a financial institution, the deposits of which were insured by National Credit Union Share Insurance Fund.

2. Omar admits and agrees that, from in or around May 2022, through in or around December 2022, he was a customer of Bank 1 who had several business accounts with Bank 1, as well as a business account with Bank 2.

[2] *See* Fifth Circuit Pattern Jury Instruction 2.58A (2024).

3. Omar agrees that from in or around May 2022, through in or around December 2022, Jonathan Salcedo was the Chief Executive Officer of Bank 1

4. Omar agrees that Bank 1, which was located in the Northern District of Texas, was a financial institution as defined in 18 U.S.C. § 20, whose accounts were insured by the National Credit Union Share Insurance Fund.

5. Omar agrees that Bank 2 was a financial institution as defined in 18 U.S.C. § 20, whose accounts were insured by the Federal Deposit Insurance Corporation.

6. Omar admits and agrees that, from in or around June 2022, through in or around December 2022, as part of his conspiracy with Salcedo to defraud Bank 1, Omar deposited insufficiently funded checks into his business accounts with Bank 1 that were issued from Omar's business account with Bank 2.

7. Omar admits that, at the time he deposited these checks into his business accounts with Bank 1, he knew that his business account with Bank 2 did not have sufficient funds to cover the value of the checks.

8. Omar further admits and agrees that Salcedo transferred money from Bank 1's corporate account to Omar's business accounts at Bank 1 to cover the amount of the insufficiently funded checks so that Omar would have immediate access to the ill-gotten funds and so that Omar's Bank 1 accounts did not have a negative balance, which would have revealed the scheme to Bank 1.

9. Specifically, Omar admits that, from on or about November 12, 2022, through on or about November 28, 2022, in furtherance of the conspiracy, he issued, and caused to be issued, four checks from his Bank 2 bank account ending in 7936.

10. Omar further admits that, on or about December 5, 2022, in furtherance of the conspiracy, he presented these checks for deposit into his Bank 1 account ending in 4122. At the time that Omar presented these checks to Bank 1, he knew that his Bank 2 bank account ending in 7936 did not have sufficient funds to cover the value of the checks.

11. Omar admits that, on or about December 5, 2022, in furtherance of the conspiracy, Omar transferred the ill-gotten funds from his Bank 1 account ending in 4122 to his Bank 1 account ending in 9735.

12. Omar admits that, from on or about December 5, 2022, through on or about December 6, 2022, in furtherance of the conspiracy, Omar attempted to deposit 56x checks from his Bank 1 account ending in 9735 into his Bank 2 account ending in 7936. However, Omar knew that his Bank 1 bank account did not have sufficient funds to cover the amount of the checks.

13. Omar admits and agrees that, from in or around June 2022, through in or around December 2022, he placed Bank 1 at risk loss of financial loss.

14. The defendant agrees that the defendant committed all the essential elements of the offenses. This factual resume is not intended to be a complete accounting of all the facts and events related to the offenses charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count One of the Superseding Information.

AGREED TO AND STIPULATED on this 6 day of March, 2026.

RYAN RAYBOULD
UNITED STATES ATTORNEY

R. Hunter for

RYAN P. NIEDERMAIR
Assistant United States Attorney
Northern District of Texas
Texas State Bar No. 24116828
1100 Commerce Street, Suite 300
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8809
Email: ryan.niedermair@usdoj.gov

ATHUMAN FARID OMAR
Defendant

DIMITRI DUBE
Attorney for Defendant